**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| ALTRIA GROUP, INC., | |
| Plaintiff, | Civil Action No. 3:23-CV-293 (MHL) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## UNITED STATES' ANSWER

The United States of America, by counsel, answers Altria Group, Inc.'s Complaint as follows. All allegations not specifically admitted are denied. *See* Fed.R.Civ.P. 8(b)(3). "Refund claim" or "administrative refund claim" are used interchangeably to refer to Altria's Second Restated and Amended Claim for Refund filed with the Internal Revenue Service, unless otherwise indicated.

### NATURE OF THIS DISPUTE

1. Admits that Altria filed this tax refund suit for its 2017 tax year (TY2017), seeking $105,726,241, plus statutory interest. Denies that any taxes, additions to tax, or interest were erroneously collected or illegally retained.

### THE PARTIES

2. Admits.

3. Admits.

4. Admits except lacks sufficient knowledge or information to form a belief about the *correctness* of Altria's TY2017 return.

5. Admits.

## JURISDICTION AND VENUE

6. Admits that jurisdiction exists under 26 U.S.C. (IRC or Code) § 7422 and 28 U.S.C. § 1346(a)(1). Denies to the extent that Altria's claims here vary from the claims in its administrative refund claim.

7. Admits.

8. Admits.

9. Lacks sufficient knowledge or information to form a belief about the truth of whether Altria timely and fully paid its federal tax liability for TY2017.

10. Admits the allegations of paragraph 10 but lacks sufficient knowledge or information to form a belief about the truth of the allegations in Exhibit A, unless otherwise admitted here. Denies that Altria is entitled to any refund.

11. Admits that Altria has complied with IRC § 6532(a)(1). Admits that the Internal Revenue Service (IRS) did not grant or deny the refund claim. Lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding Altria's views about the ongoing exam and the issues to be tried in this suit. The United States further avers that by referring this case to the Department of Justice for "prosecution or defense," the IRS transferred its authority to resolve Altria's TY2017 to the Attorney General. *See* Section 5 of Executive Order 6166, reprinted in 5 U.S.C. § 901 ("As to any case referred to the Department of Justice for prosecution or defense in the courts, the function of the decision whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice."). *See also* IRC § 7122(a) (the Attorney General has

exclusive authority to compromise a case arising under the IRC after referral to Justice for prosecution or defense).

## FACTUAL ALLEGATIONS

**Issue 1: Section 958(b)(4) Issue**

### A.      Overview

12. Admits that Anheuser-Bush InBev SA/NV (ABI) is a publicly traded multinational brewing and beverage company incorporated in Belgium. Admits its principal executive offices and global headquarters are in Belgium. Denies to the extent that Altria's claims here vary from the claims in its TY2017 refund claim. Lacks sufficient knowledge or information to form a belief about the remaining allegations.

13. Admits that, throughout TY2017, Altria was a United States shareholder (within the meaning of IRC § 951) of ABI.

14. Lacks sufficient knowledge or information to form a belief about the truth of Altria's allegations on its "understanding" of what it believes to be the United States' position. Admits that Altria's TY2017 gross income includes, under IRC § 951(a), its pro rata share of subpart F income with respect to each controlled foreign corporation (CFC) in which Altria is a United States shareholder. Admits that these amounts may include amounts that were earned by CFCs but not distributed to shareholders. Lacks sufficient knowledge or information to form a belief about the truth of the allegations about whether Altria has or will receive a distribution with respect to particular earnings of particular CFCs. Denies any remaining allegations.

15. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, the United States denies.

16. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that U.S. persons that are shareholders of domestic corporations (i.e., entities taxed under Subchapter C of the Internal Revenue Code and organized under the laws of the United States) are generally not taxed on income earned by those corporations until the corporation distributes cash or other property or the shareholder disposes of the stock. Denies any remaining allegations.

17. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that subpart F generally eliminates U.S. tax deferral on certain types of income earned by certain foreign corporations. Denies any remaining allegations.

18. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that subpart F generally eliminates tax deferral on certain categories of income earned by certain foreign corporations by taxing certain United States shareholders on their pro rata share of such income. Denies any remaining allegations.

19. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies that subpart F is unconstitutional. Admits that in enacting subpart F, Congress defined terms such as "United States persons," "controlled foreign corporation," "United States shareholders," "pro-rata share," and "subpart F income." Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s

definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

20. Lacks sufficient knowledge or information to form a belief about the truth of Altria's allegations about its claimed lack of control. Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies that subpart F is unconstitutional or otherwise illegal. The remaining allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, the United States denies.

## B.   Factual Background

21. Admits that Altria owned more than 10% of ABI's issued and outstanding stock throughout TY2017. Lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

22. Admits.

23. Admits that Altria entered into a Voting and Support Agreement ("Agreement"). Otherwise, lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

24. Admits that Altria and ABI entered into additional agreements. Otherwise, the allegations are legal arguments and/or conclusions of law to which no response is required. Lacks sufficient knowledge or information to form a belief about the truth

of any remaining allegations regarding these agreements, their provisions, or their scope.

25. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

26. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

27. Lacks sufficient knowledge or information to form a belief about the truth of this depiction of ABI's corporate structure, including relating to ABI's foreign owned subsidiaries. Denies any remaining allegations.

28. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

29. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

### C.      Subpart F and the Control Requirement[1]

30. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that the quotation is accurately represented. Admits that in the absence of subpart F, U.S. tax on certain categories of income earned by certain foreign corporations could be deferred or avoided. Denies any remaining allegations.

31. These allegations are legal arguments and/or conclusions of law to which no response is required. Admits that subpart F defines terms relating to its application:

---

[1] Subpart F neither contains nor incorporates any "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation."

- Section 951(b) defines the categories of United States persons within its scope as "United States shareholder[s].

- Section 957 defines the categories of corporations to which it applies as "controlled foreign corporation[s]" (CFC).

- Section 952 defines what portion of a CFC's income is "subpart F income."

- Section 951(a)(2) defines the amount of subpart F income that United States shareholders must include in income as their "pro rata share."

Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

32. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that:

- Section 957(a) defines a "controlled foreign corporation" as any foreign corporation where more than 50 percent of its combined voting power or total value, is owned (under § 958(a)) or considered owned (under § 958(b)) by United States shareholders; and

- Section 957(c) defines "United States person" based on § 7701(a)(30), but excludes certain persons and entities related to United States possessions.

Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

33. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that the quotation is

accurately represented but denies that the quotation or its source reflects Congressional intent. Admits that § 957(a) defines a "controlled foreign corporation" as any foreign corporation where more than 50 percent of its combined voting power or total value is owned (under § 958(a)) or considered owned (under § 958(b)) by United States shareholders. Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

34. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that the quotation is accurately represented but denies that the quotation or its source reflects Congressional intent. Admits that § 951(b) defines a "United States shareholder" as a "United States person" who owns (under § 958(a)) or is considered to own (under § 958(b)) 10 percent or more of the voting power of any foreign corporation. Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

35. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, avers that "United States

shareholder" and "controlled foreign corporation" are defined by §§ 951(b) and 957, respectively. Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

36. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, avers that "United States shareholder" and "controlled foreign corporation" are defined by §§ 951(b) and 957, respectively. Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

37. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that the quotation is accurately presented. Denies any remaining allegations.

38. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that U.S. persons who are shareholders of domestic corporations (i.e., entities taxed under Subchapter C of the Internal Revenue Code and organized under the laws of the United States) are generally not taxed on income earned by those corporations until the corporation distributes cash or other property or the shareholder disposes of the stock. Denies

that the Constitution prohibits taxation of corporations and their shareholders on undistributed earnings. Denies any remaining allegations.

39. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that the quoted language is properly represented. Denies any remaining allegations.

40. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that § 957(a) defines a "controlled foreign corporation" as any foreign corporation where more than 50 percent of its combined voting power or total value is owned (under § 958(a)) or considered owned (under § 958(b)) by United States shareholders. Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

41. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies that the Constitution prohibits the taxation of a United States shareholder with respect to the undistributed earnings of a CFC. Denies any remaining allegations.

**D. Stock Attribution Rules**

42. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that § 958 provides

rules for determining stock ownership—direct, indirect, and constructive. Denies any remaining allegations.

43. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that § 958(b) incorporates § 318's constructive ownership rules and modifies how those rules apply to various subpart F provisions, including whether a foreign corporation is a CFC and whether a United States person is a "United States shareholder." Denies any remaining allegations.

44. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that constructive ownership rules treat certain corporations as owning stock owned by certain shareholders and treat certain shareholders as owning any stock owned by certain corporations. Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

45. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

46. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

47. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

### E.   The Repeal of Section 958(b)(4)

48. Admits that Pub. L. No. 115-97, 131 Stat. 2054, commonly known as the Tax Cuts and Jobs Act (TCJA), was signed into law on December 22, 2017. Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

49. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that TCJA amended § 958(b) by striking paragraph (4), and by striking "Paragraphs (1) and (4)" in the last sentence and inserting, "Paragraph (1)." Admits that § 958(b)(4) previously read, "Subparagraphs (A), (B), and (C) of section 318(a)(3) shall not be applied so as to consider a United States person as owning stock which is owned by a person who is not a United States person." Denies any remaining allegations.

50. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies that subpart F contains or incorporates any purported "control requirement" separate from or in

addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

51. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that some TCJA legislative history refers to "de-controlling" transactions. Denies that the quotation or its source reflects Congressional intent. Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

52. Denies the allegations, including allegations regarding Congressional intent. The referenced language in Senate Committee Print 115-20 was *submitted* to the Budget Committee. The Budget Committee did not adopt the language and expressed no view as to the legislative proposals discussed therein: "This document has not been officially approved by the [Budget] Committee and may not reflect the views of its members." S. Prt. 115-20; Committee Recommendations as Submitted to the Committee on the Budget Pursuant to H. Con. Res. 71 at 1-2.

53. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that Senator Perdue "submitted" S.Amdt. 1666 on November 30, 2017, which is akin to filing for possible future consideration by the Senate. Congressional Research Service Report, 96-548, The Legislative Process on the Senate Floor: An Introduction. Denies any implied allegation that the amendment was "proposed" or that it was pending,

offered for discussion, or discussed by the Senate. Admits that the quoted language is accurately presented. Denies that the quotation or its source reflects Congressional intent. Denies the correctness of Senator Perdue's reference to a Senate Finance Committee Report. *See* https://www.finance.senate.gov/library/committee-reports?c=115&maxrows=15. Denies any remaining allegations.

54. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

55. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

56. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

### F.     Treatment of the ABI Wholly Foreign-Owned Subs

57. Lacks sufficient knowledge or information to form a belief about the truth of the allegation regarding the "central issue" in this case. Denies to the extent that Altria's claims here vary from the claims in its refund claim for TY2017.

58. Lacks sufficient knowledge or information to form a belief about the truth of this allegation.

59. Lacks sufficient knowledge or information to form a belief about the truth of this allegation.

60. Denies.

61. Lacks sufficient knowledge or information to form a belief about the truth of Altria's allegation of its "understanding." Admits that Altria's TY2017 gross income includes, under IRC § 951(a), its pro rata share of subpart F income with respect to each CFC in which Altria is a United States shareholder. Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

62. These allegations contain legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that Altria's TY2017 gross income includes, under IRC § 951(a), its pro rata share of subpart F income with respect to each CFC in which Altria is a United States shareholder. Altria is required to comply with IRC § 951(a)'s statutory language, regardless of its beliefs about what Congress did or did not do in passing TCJA. Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

63. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, Altria is required to comply with IRC § 951(a)'s statutory language. Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

64. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, lacks sufficient knowledge or information to form a belief about the truth of Altria's or any other U.S. shareholder's "control" of any foreign corporation. Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the Code's statutory text. Denies any remaining allegations.

### G.     Altria's Tax Reporting

65. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that Altria timely filed its original TY2017 return. Lacks sufficient knowledge or information to form a belief about the truth of Altria's allegation of its "understanding." Denies any remaining allegations.

66. Admits that Altria filed a TY2017 refund claim. Lacks sufficient knowledge or information to form a belief about the truth of Altria's allegation of its "intentions." Denies that Altria is entitled to any refund.

**Issue 2: Correction of Subpart F Inclusions Attributable to the ABI U.S. Subs**

67. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

68. Admits that Altria owned more than 10% of ABI's issued and outstanding stock throughout TY2017. Admits that Altria's ownership of stock in ABI can result in Altria owning, indirectly or constructively, stock in other CFCs. Lacks sufficient

knowledge or information to form a belief about the truth of the remaining allegations.

69. Admits that Altria reported and paid TY2017 tax with respect to gross income inclusions under § 951(a). Lacks sufficient knowledge or information to form a belief about the truth of these allegations. Denies that subpart F contains or incorporates any purported "control requirement" separate from or in addition to § 951(b)'s definition of "United States shareholder" and § 957(a)'s definition of "controlled foreign corporation." Denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

70. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

71. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

72. Lacks sufficient knowledge or information to form a belief about the truth of these allegations. Denies that Altria is entitled to any refund.

73. Admits that Altria filed a refund claim seeking $15,378,165, claiming the amount was overstated. Denies that Altria is entitled to any refund. Denies any remaining allegations.

**Issue 3: Foreign Tax Credit**

74. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

75. These allegations are legal arguments and/or conclusions of law. Lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

76. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

77. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

78. Admits that Altria filed an amended refund claim seeking $5,060,785 relating to Belgian withholding tax. Lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations. Denies that Altria is entitled to any refund.

**Issue 4: Transition Tax**

79. These allegations are legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies any implied allegation that statutorily defined terms may be read in a manner inconsistent with the statutory text. Denies any remaining allegations.

80. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

81. Admits that additional guidance relating to § 965 was released in 2018 and 2019. Denies any remaining allegations.

82. Lacks sufficient knowledge or information to form a belief about the truth of these allegations.

83. Admits that Altria filed an amended refund claim seeking $47,284,609 "… as a result of an error in a mathematical formula" relating to Altria's computation of its liability. Lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations. Denies that Altria is entitled to any refund.

***Count One—Subpart F Inclusions Attributable to the ABI Wholly Foreign-Owned Subs***

84. The United States incorporates by reference its answers to ¶¶ 1-66.

85. Denies.

86. Denies.

87. Denies.

***Count Two—Subpart F Inclusions Attributable to the ABI Domestic Subsidiaries***

88. The United States incorporates by reference its answers to ¶¶ 1-11 and 67-73.

89. Denies.

90. Denies.

***Count Three—Foreign Tax Credit for the Belgian Withholding Tax***

91. The United States incorporates by reference its answers to ¶¶ 1-11 and 74-78.

92. Denies.

93. Denies.

***Count Four—Transition Tax***

94. The United States incorporates by reference its answers to ¶¶ 1-11 and 79-83.

95. Denies.

96. Denies.

## FIRST AFFIRMATIVE DEFENSE

If an allegation in the complaint varies from Altria's refund claim, there is impermissible variance, and the count must be dismissed for lack of subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

The IRS's examination of Altria's tax year ending December 31, 2017, is ongoing. If the taxes Altria paid to the United States do not exceed the taxes it owed, Altria is not entitled to a refund. *See Lewis v. Reynolds*, 284 U.S. 281, 283 (1932).

WHEREFORE, the United States requests that the Court deny the relief requested in Altria's complaint and grant the United States' costs in defending against this action, and any other relief that the Court deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted,

Dated: August 2, 2023

JESSICA D. ABER
United States Attorney

By:   /s/_____
Robert P. McIntosh
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond VA 23219
Telephone: 804-819-7404
Facsimile: 804-771-2316
Email: Robert.McIntosh@usdoj.gov


/s/_____
KARI M. LARSON
Senior Litigation Counsel
MARIA E. RUWE
Trial Attorney
STEPHEN N. SHASHY
Trial Attorney
Tax Division, U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-532-3728 (v) (Larson)
202-746-1624 (v) (Ruwe)
202-307-6525 (v) (Shashy)
202-514-6866 (f)
Kari.M.Larson@usdoj.gov
Maria.E.Ruwe@usdoj.gov
Stephen.N.Shashy@usdoj.gov
*Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2023, I will electronically file the foregoing UNITED STATES' ANSWER with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Edward J. Fuhr
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219-4074
Email: efuhr@hunton.com

Christopher Bowers
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Email: chris.bowers@skadden.com

Johnathon E. Schronce
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219-4074
Email: jschronce@hunton.com

Royce Tidwell
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Email: royce.tidwell@skadden.com

Rajiv Madan
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Email: raj.madan@skadden.com

Paige Braddy
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
Email: paige.braddy@skadden.com

And I hereby certify that I will mail the document by United States mail, first-class postage prepaid, to the non-filing user addressed as follows:

/s/_____
Robert P. McIntosh
Virginia Bar Number 66113
Attorney for the United States of America
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 819-7417
Email: Robert.McIntosh@usdoj.gov