UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| ALTRIA GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 3:23-CV-293-MHL |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION TO STAY PROCEEDING**

Plaintiff Altria Group, Inc. ("Altria") hereby submits its Memorandum in Support of Plaintiff's Unopposed Motion to Stay Proceeding pending a decision by the Supreme Court of the United States in *Moore v. United States*, No. 22-800. Defendant, United States of America, joins in the relief sought. For the reasons set forth below, Altria respectfully requests that the Court grant its Motion.

**Introduction**

The Supreme Court of the United States granted certiorari in *Moore v. United States* on June 26, 2023. 143 S. Ct. 2656 (2023). The question presented in *Moore*, as framed by petitioners, is "[w]hether the Sixteenth Amendment authorizes Congress to tax *unrealized* sums without apportionment among the states." Brief for Petitioners at i, No. 22-800 (U.S. Aug. 30, 2023) (emphasis added). Under Count I of its Complaint, Altria contends that it is entitled to a refund of tax, in part, because it was taxed on income that it did not realize in violation of the

1

Sixteenth Amendment. Compl. ¶ 85, ECF No. 1. A decision by the Supreme Court in *Moore* will be binding authority on this Court and, for that reason, judicial economy will be served by staying Count I. The parties have conferred and agree that summary judgment is appropriate to resolve Count I and, if the Court grants this Motion, intend to proceed with summary judgment filings following the Supreme Court's decision in *Moore*.

Counts II-IV should similarly be stayed as the parties are working to resolve them and Altria does not currently expect that they will require the Court's intervention. Consequently, Altria requests a stay pending a decision by the Supreme Court in *Moore*. Defendant, United States of America, joins in the relief sought.

## Overview of *Moore*

The *Moore* case presents the constitutional question of whether the Mandatory Repatriation Tax ("MRT"),[1] enacted as part of the Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, 131 Stat. 2054 (2017) ("TCJA"), is a direct unapportioned tax that violates the Constitution's Apportionment Clause.

The Apportionment Clause provides that "No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration herein before directed to be taken." U.S. Const. art. I, § 9, cl. 4. The Sixteenth Amendment, ratified in 1913, provides an exception to the Apportionment Clause for "incomes, from whatever source derived." U.S. Const. amend. XVI. Thus, pursuant to the Sixteenth Amendment, a tax on "income" need not be apportioned among a state's population.

---

[1] The MRT is a one-time tax imposed on U.S. shareholders owning at least 10 percent of a controlled foreign corporation ("CFC"). 26 U.S.C. § 965. Under the MRT, U.S. shareholders owning at least 10 percent of a CFC were required to pay tax on their allocable share of the corporation's accumulated profits. *Id.*

The plaintiff's central argument in *Moore* is that the MRT is not a tax on income, but rather an unapportioned tax on property in violation of the Apportionment Clause. *Moore v. United States*, 36 F.4th 930, 937 (9th Cir. 2022). For this, the Moores rely principally on the Supreme Court's decision in *Eisner v. Macomber*, 252 U.S. 189 (1920), which held that the "characteristic and distinguishing attribute of income" is that "a gain, a profit, something of exchangeable value" is "*received or drawn* by the recipient (the taxpayer) for his *separate* use, benefit and disposal." *Macomber*, 252 U.S. at 207 (emphases in original). Using this definition, there is no income upon which a tax may be constitutionally imposed unless and until the amount subject to tax has been "realized." And, according to the Moores, the MRT is an unconstitutional unapportioned direct tax on property because it taxes amounts that have not been "realized."

The Ninth Circuit disagreed with the plaintiffs in *Moore*, rejecting the definition of "income" espoused in *Eisner v. Macomber*. *Moore*, 36 F.4th 930 at 937. The Moores petitioned the Supreme Court of the United States for a writ of certiorari, which the Supreme Court of the United States granted on June 26, 2023. The plaintiffs in *Moore* filed their opening brief on August 30, 2023, and the Government is scheduled to respond on October 16, 2023. We expect that oral arguments in *Moore* will take place before the end of 2023, and that the Supreme Court of the United States will issue a decision in the first half of 2024.

### Altria Was Similarly Taxed on Unrealized Income

Like the plaintiff in *Moore*, Altria contends that it has been unconstitutionally taxed on income that it did not realize. Specifically, Altria was taxed on income earned by certain foreign subsidiaries of Anheuser-Busch InBev SA/NV ("ABI"), as a result of Altria's minority investment in ABI. Compl. ¶¶ 30-41, 56. Altria relies on *Eisner v. Macomber* to establish that

3

this tax was unconstitutional.  Compl. ¶¶ 37-38.  Thus, whether the Sixteenth Amendment permits taxation of amounts that have not been realized is squarely at issue in this case.

In addition to Altria's argument that the tax violates the Sixteenth Amendment and *Eisner v. Macomber*, Altria contends that the tax at issue is contrary to the plain language of 26 U.S.C. §§ 951 and 957 and the overall framework of the subpart F rules; inconsistent with Congress's clearly expressed legislative intent; and in violation of the Fifth Amendment to the U.S. Constitution.  Compl. ¶¶ 85.  Thus, Altria has set forth multiple grounds for relief, one of which is expected to turn on the outcome of *Moore*.

## **Argument**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Buzzell v. JP Morgan Chase Bank*, No. 3:13-CV-668, 2015 WL 5254768, at *1-2 (E.D. Va. Sept. 9, 2015). "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket."  *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977).  Those factors include: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." *Buzzell*, 2015 WL 5254768, at *1-2 (E.D. Va. Sept. 9, 2015) (citing *Johnson v. DePuy Orthopaedics, Inc.*, 3:12-CV-2274, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001))).

District courts may stay proceedings where resolution of a similar issue may provide

4

guidance to the district court in deciding the issues before it. *Landis*, 299 U.S. at 254-55; *Hickey v. Baxter*, 833 F.2d 1005 (Table), 1987 WL 39020, at *1 (4th Cir. 1987) ("We find that the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues."); *Preston v. United States*, No. CIV. A. No. ELH-14-01920, 2015 WL 221633, at *9 (D. Md. Jan. 15, 2015) ("Because the Supreme Court's holding in *Wong* may resolve the question of whether equitable tolling applies to § 2401(b), a decision at this time would be an inefficient use of the Court's resources."); *In re Mut. Funds Inv. Litig.*, No. 04-MD-15863, 2011 WL 1540134, at *2 (D. Md. Apr. 20, 2011) (Finding that "a stay would promote judicial economy by avoiding the litigation of a set of disputed issues that the Fourth Circuit is likely to soon resolve in a similar case.").

*Moore v. United States* raises the same question of whether "income," within the meaning of the Sixteenth Amendment, requires realization. Because this action raises the same issue as *Moore*, staying this case pending resolution of *Moore* will promote judicial economy by avoiding duplicative litigation involving these questions. Furthermore, the parties are jointly requesting this relief, thus no hardship or potential prejudice will result to either party as a result of a stay of proceedings.

There are three issues set forth in the Complaint that will not be directly impacted by the decision in *Moore*. Compl. ¶¶ 67-83. Altria is in ongoing, productive discussions with the IRS regarding those issues and thus a stay of the proceedings will provide the parties with additional time to resolve them. Compl. ¶ 11 (explaining Altria's hope that these discussions will obviate the need for a trial); *see also* Def.'s Unopposed Mot. For An Ext. Of Time To Respond To Pl.'s Compl., ECF No. 18). A stay of the proceedings will provide the parties with additional time to resolve those issues and potentially obviate the need for trial. Thus, a stay of the proceedings

will also promote judicial economy for those issues not directly impacted by *Moore*.

Respectfully submitted this 11th day of September, 2023.

                                        COUNSEL FOR PLAINTIFF

                                        /s/ Edward J. Fuhr
                                        Edward J. Fuhr (VSB No. 28082)
                                        Johnathon E. Schronce (VSB No. 80903)
                                        Hunton Andrews Kurth LLP
                                        951 East Byrd Street
                                        Richmond, VA 23219-4074
                                        Telephone: 804-788-8201
                                        Facsimile: 804-788-8218
                                        efuhr@hunton.com
                                        jschronce@hunton.com

                                        Rajiv Madan (*Pro hac vice*)
                                        Christopher Bowers (*Pro hac vice*)
                                        Royce Tidwell (*Pro hac vice*)
                                        Paige Braddy (*Pro hac vice*)
                                        Skadden, Arps, Slate, Meagher & Flom LLP
                                        1440 New York Avenue, N.W.
                                        Washington, DC  20005
                                        Telephone:   (202) 371-7000
                                        Facsimile:    (202) 393-5760
                                        Email:    raj.madan@skadden.com
                                                            chris.bowers@skadden.com
                                                            royce.tidwell@skadden.com
                                                            paige.braddy@skadden.com

                                        *Attorneys for Plaintiff Altria Group, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of September, 2023, I will electronically file the foregoing Memorandum in Support of Plaintiff's Unopposed Motion to Stay Proceeding with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the attorneys of record.

                                           /s/ Edward J. Fuhr
                                           Edward J. Fuhr (VSB No. 28082)
                                           Hunton Andrews Kurth LLP
                                           951 East Byrd Street
                                           Richmond, VA 23219-4074
                                           Telephone: 804-788-8201
                                           Facsimile: 804-788-8218
                                           efuhr@hunton.com