# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

|  |  |  |
|---|---|---|
| ALTRIA GROUP, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:23-CV-293-MHL |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) ) ) | |

## JOINT PRESENTATION REGARDING *MOORE V. UNITED STATES*

Pursuant to this Court's minute entry at ECF No. 33 and the instructions it gave during a hearing held on Nov. 2, 2023, the parties submit this joint presentation regarding the decision of the Supreme Court of the United States in *Moore v. United States*, Case No. 22-800.

## The Decision of the Court

The Supreme Court decided *Moore* on June 20, 2024. A copy of the slip opinion (together with the concurrence and the dissent) is attached to this filing.

## Count I

### *Subpart F Inclusions Attributable to the ABI Wholly Foreign-Owned Subs*

The issue under Count I is whether amendments to the Code enacted by the Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, 131 Stat. 2054 ("TCJA") impose a tax on Altria Group,

Inc.'s ("Altria") pro rata share of income in relation to its minority stake in the stock of Anheuser-Busch InBev SA/NV ("ABI") under subpart F of the Internal Revenue Code.[1]

**Altria's Position**

The *Moore* case presented the constitutional question of whether section 965, enacted as part of the TCJA, was a direct unapportioned tax that violated the Constitution's Apportionment Clause. Section 965 of the Internal Revenue Code of 1986[2] imposes a one-time tax on U.S. shareholders owning at least 10 percent of a controlled foreign corporation ("CFC"). 26 U.S.C. § 965. Under section 965, in 2017, U.S. shareholders owning at least 10 percent of a CFC were required to pay this one-time tax on their allocable share of the corporation's accumulated profits in 2017. *Id.*

The Apportionment Clause provides that "[n]o Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or enumeration herein before directed to be taken." U.S. Const. art. I, § 9, cl. 4. The Sixteenth Amendment provides an exception to the Apportionment Clause for "incomes, from whatever source derived." U.S. Const. amend. XVI. Thus, pursuant to the Sixteenth Amendment, a tax on "income" need not be apportioned among a state's population. The Supreme Court in *Moore* certified the following as the question presented:

> QUESTION PRESENTED:
>
> The Sixteenth Amendment authorizes Congress to lay "taxes on incomes . . . without apportionment among the several States." Beginning with *Eisner v. Macomber*, 252 U.S. 189 (1920), this Court's decisions have uniformly held "income," for Sixteenth Amendment purposes, to require realization by the taxpayer. In the decision below, however, the Ninth Circuit approved taxation of a married couple on earnings that they

---

[1] Capitalized terms not defined here, shall have the meanings given to them in Altria's Complaint.

[2] Unless otherwise indicated, all "section" references herein are to the Internal Revenue Code of 1986, as amended and in effect during the applicable years, Title 26 of the U.S. Code (the "Code").

undisputedly did not realize but were instead retained and reinvested by a corporation in which they are minority shareholders. It held that "realization of income is not a constitutional requirement" for Congress to lay an "income" tax exempt from apportionment. App.12. In so holding, the Ninth Circuit became "the first court in the country to state that an 'income tax' doesn't require that a 'taxpayer has realized income.'" App.38 (Bumatay, J., dissenting from denial of rehearing en banc).

The question presented is:

Whether the Sixteenth Amendment authorizes Congress to tax unrealized sums without apportionment among the states.[3]

The Supreme Court held that the tax under section 965 does not violate the Apportionment Clause because it "*does* tax realized income—namely, income realized by the corporation," *Moore v. United States*, No. 22-800, slip op. at 8 (U.S. June 20, 2024), stating that "Congress may attribute an entity's realized and undistributed income to the entity's shareholders or partners, and then tax the shareholders or partners on their portions of that income." *Id*.

The majority opinion in *Moore* noted, however, that "there are due process limits on attribution to ensure that the attribution is not arbitrary—for example, limits based on the taxpayer's relationship to the underlying income." *Moore*, slip op. at 14 n.4. Importantly, as the Court explained, the plaintiffs in *Moore* did "not raise[] a due process issue regarding the attribution of [the corporation's] income to them" and, as a result, the Court did not address that issue. *Id*.

While the majority opinion in *Moore* recognized that there are due process limits on attribution, it did not provide further guidance on those limits. Justice Barrett's concurring opinion, however, set forth "factors [that] may serve as a useful guide for lower courts when

---

[3] Question Presented Report, *Moore v. United States*, 22-800, https://www.supremecourt.gov/qp/22-00800qp.pdf.

3

applying [the *Moore*] decision to taxes that attribute income. . ." *Moore*, slip op. at 17 (Barrett, J. concurring). Among those factors is whether the taxpayer "has sufficient power and control over the income that it is reasonable to treat him as the recipient of the income for tax purposes…" *Moore*, slip op. at 16 (Barrett, J. concurring) (internal citations omitted).

The Supreme Court's decision in *Moore* impacts only a single basis for recovery included in Count I of Plaintiff's Complaint. Altria asserts the following bases for its recovery with respect to Count I: the tax at issue (a) is contrary to the plain language of sections 951 and 957 and the overall framework of the subpart F rules; (b) is inconsistent with Congress's clearly expressed legislative intent; (c) produces absurd results; and (d) is in violation of the Sixteenth and Fifth Amendments to the U.S. Constitution.

As a result of the *Moore* decision, Altria will no longer pursue its argument that the tax at issue violates the Sixteenth Amendment to the U.S. Constitution. Altria will continue to pursue its remaining bases for recovery on Count I, including, *inter alia*, that the tax is in violation of the Due Process Clause in the Fifth Amendment to the U.S. Constitution. None of these other bases of relief were addressed by the Supreme Court in *Moore*.

Consistent with our earlier submission to the Court, the parties previously conferred and agreed that summary judgment is appropriate to resolve Count I.[4] The decision in *Moore* does not require any additional findings of fact to resolve Count I. Accordingly, Plaintiff is prepared to move forward with summary judgment expeditiously, with initial briefing in late August 2024. Plaintiff has not been able to confer on a precise briefing schedule in light of the Government's need to further coordinate its response to the *Moore* case.

---

[4] *See* Mem. Supp. Pl.'s Unopposed Mot. Stay Proceeding 2, ECF No. 29.

**United States' Position**

In *Moore*, "the precise and narrow question the Court addresses . . . is whether Congress may attribute an entity's realized and undistributed income to the entity's shareholders and partners, and then tax the shareholders or partners on their portions of that income" under Article I, §§ 8 and 9 and the Sixteenth Amendment of the U.S. Constitution. *Moore v. United States*, 602 U.S. ___, Case No. 22-800, slip op. at 8 (June 20, 2024); *see id.* at 1. The Court held, "the answer is yes." *Id.* at 8.

After *Moore*, the United States' argument that Altria is not entitled to relief on Count I remains unchanged. *See* ECF No. 27 at PageID 305 ¶¶ 85-87. The Court has long held, "when dealing with an entity's undistributed income, Congress may tax either (i) the entity or (ii) its shareholders or partners." Slip op. at 13-14. The Court's holding in *Moore* supports the United States' position and precludes the relief Altria seeks.

Altria's Count I position, described in its November 2023 Status Report, turns on a similar argument to that made in *Moore*: "…the tax under section 965 unconstitutionally taxes unrealized income, Altria argues that any tax on the undistributed income of the Wholly Foreign-Owned Subs violates the Sixteenth Amendment." ECF No. 37 at PageID 454. But the *Moore* holding by its terms applies to: "(i) taxation of the shareholders of an entity, (ii) on the undistributed income realized by the entity, (iii) which has been attributed to the shareholders, (iv) when the entity itself has not been taxed on that income." Slip op. p. 22-23.

Altria has suggested that a holding like the one in *Moore* might be distinguishable based on Altria's level of control over the foreign corporation at issue. *See* ECF No. 37 at PageID 455. But as part of its analysis in *Moore*, the Court rejected the argument that taxation under subpart F depends on a theory of "constructive realization" of income to a shareholder that "turns on a

5

sufficient degree of control over the entity." *Moore*, slip op. at 20; *see id.* at 19-21. The Court noted that section 965's shareholder control threshold—at least 10 percent—is no different than "the longstanding subpart F tax." *Moore*, slip op. at 20. Income attribution arguments reliant on lack of "control" as the "persuasive distinction" are further dispelled by similar longstanding partnership and S corporation taxing provisions, which attribute tax consequences to partners and shareholders with even less control than those under subpart F. *Id.* (parenthetical).

The parties previously conferred and agreed that summary judgment is appropriate to resolve Count I. The United States may determine that some discovery is needed on "whether the taxpayer 'has sufficient power and control over the income that it is reasonable to treat him as the recipient of the income for tax purposes…'" as Plaintiff states here (citing *Moore*, slip op. at 16 (Barrett, J. concurring)), and in its summary judgment briefing. The parties anticipate conferring in the coming days on a briefing schedule and proposing an agreed schedule, albeit subject to Rule 56(d) relief and related discovery as appropriate.

## **Count II**

### *Subpart F Inclusions Attributable to the ABI Domestic Subsidiaries*

At issue in Count II of the Complaint is the calculation of Altria's Subpart F Inclusions attributable to the CFCs owned directly or indirectly by ABI U.S. Subsidiaries. Altria and the IRS have reached a tentative agreement, which remains subject to review and acceptance by the United States.

The parties agree that the *Moore* decision does not affect the parties' positions on Count II.

## Count III

### *Foreign Tax Credit for the Belgian Withholding Tax*

Count III of the Complaint arises from an omission on Altria's originally filed income tax return of the foreign tax credit arising from a Belgian withholding tax incurred by Altria. Altria and the IRS have reached a tentative agreement, which remains subject to review and acceptance by the United States.

The parties agree that the *Moore* decision does not affect the parties' positions on Count III.

## Count IV

### *Transition Tax*

Count IV of the Complaint arises from a computational error on Altria's originally filed federal income tax return related to the transition tax under section 965 of the Internal Revenue Code. At this time, the Internal Revenue Service review of the computations is ongoing. The Parties currently hope to resolve Count IV without the Court's intervention.

**Altria's Position**

In the Joint Status Report filed with the Court on May 28, 2024, Altria noted that it may amend Count IV depending on the scope of the Supreme Court's decision in *Moore*. Altria has determined that the *Moore* decision does not affect Altria's position on Count IV and therefore will not amend Count IV.

**United States' Position**

The *Moore* decision does not affect the United States' position on Count IV.

Respectfully submitted on July 5, 2024.

                                              COUNSEL FOR PLAINTIFF

/s/ Johnathon E. Schronce
Johnathon E. Schronce (VSB No. 80903)
Edward J. Fuhr (VSB No. 28082)
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: 804-788-8201
Facsimile: 804-788-8218
efuhr@hunton.com
jschronce@hunton.com

Rajiv Madan (*Pro hac vice*)
Christopher Bowers (*Pro hac vice*)
Royce Tidwell (*Pro hac vice*)
Paige Braddy (*Pro hac vice*)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC  20005
Telephone:   (202) 371-7000
Facsimile:   (202) 393-5760
Email:   raj.madan@skadden.com
           chris.bowers@skadden.com
           royce.tidwell@skadden.com
           paige.braddy@skadden.com

*Attorneys for Plaintiff Altria Group, Inc.*


COUNSEL FOR DEFENDANT

JESSICA D. ABER
United States Attorney

By: /s/
Robert P. McIntosh
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond VA 23219
Telephone: 804-819-7404
Facsimile: 804-771-2316
Email: Robert.McIntosh@usdoj.gov

/s/
KARI M. LARSON
Senior Litigation Counsel
MARIA E. RUWE
STEPHEN N. SHASHY
Trial Attorneys
Tax Division, U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-532-3728 (v) (Larson)
202-746-1624 (v) (Ruwe)
202-307-6525 (v) (Shashy)
202-514-6866 (f)
Kari.M.Larson@usdoj.gov
Maria.E.Ruwe@usdoj.gov
Stephen.N.Shashy@usdoj.gov
*Counsel for the United States*